1  SEYFARTH SHAW LLP
   ANN KOTLARSKI (SBN 122443) akotlarski@seyfarth.com
2  CATHERINE A. EVANS (SBN 139554) cevans@seyfarth.com
   2029 Century Park East, Suite 3300
3  Los Angeles, California 90067-3063
   Telephone: (310) 277-7200
4  Facsimile: (310) 201-5219

5  Attorneys for Defendant
   ITT CORPORATION

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                  **CENTRAL DISTRICT OF CALIFORNIA**

11

12  SARA GONZALEZ, an individual          Case No: CV 09-03400 SVW (SHx)

13          Plaintiff,

14      v.                                 **NOTICE OF REMOVAL UNDER
                                            28 U.S.C. § 1441(B) (DIVERSITY)**
15                                          **AND  28 U.S.C. § 1446(B)**

16  ITT CORPORATION; GREG BEE, an          (Los Angeles County Superior Court
    individual; JERRY JONES, an individual  Case No. BC412253)
17  and DOES 1 through 10, inclusive,

18          Defendants.

19
                                           *Complaint Filed: April 22, 2009*
20                                         *Complaint Served: April 27, 2009*

21

22

23

24  **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

25  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER**

26  **ATTORNEYS OF RECORD:**

27          PLEASE TAKE NOTICE that Defendant ITT Corporation ("ITT") hereby

28  removes the above referenced action from the Superior Court of the State of

---
**NOTICE OF REMOVAL**

LA1 6877685.1

1   California for the County of Los Angeles, to the United States District Court for

2   the Central District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1446

3   and states that removal is proper for the following reasons:[1]

### SUMMARY OF ACTION

4

5   1.   On April 22, 2009, Plaintiff filed a civil complaint in the Superior

6   Court of the State of California for the County of Los Angeles, entitled Sara

7   Gonzalez v. ITT Corporation, et al., Case No. BC412253.  A true and correct copy

8   of the complaint and summons in this action are attached hereto as Exhibit A.

9   2.   The complaint was served on ITT on April 27, 2009.  To ITT's

10   knowledge, neither of the remaining defendants have yet been served.

### TIMELINESS OF REMOVAL

11

12   3.   Plaintiff served the Complaint on ITT on April 27, 2009.  This Notice

13   of Removal is timely as it is filed within thirty days of the date the Complaint was

14   served upon ITT.  29 U.S.C. §1446(b).

### REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION

15

16   4.   The Court has original jurisdiction of this action under 28 U.S.C. §

17   1332(a)(1) and this action is removable for the additional reason that it is between

18   citizens of different states, and the amount in controversy is in excess of Seventy-

19

---

[1]   By removing this action to this Court, ITT in no way waives or consents to personal
20   jurisdiction or venue, and hereby expressly reserves its right to challenge, among other things,
personal jurisdiction, subject matter jurisdiction and/or venue by way of motion, responsive
21   pleading or otherwise.  See Dielsi v. Falk (C.D. Cal. 1996) 916 F.Supp. 985, 994 ("[A]
defendant 'does not waive jurisdictional challenges by removing the case to federal court.'
22   [Citation.]").  See also S.E.C. v. Wencke (9th Cir. 1986) 783 F.2d 829, 832 n. 3 ("Federal Rule of
Civil Procedure 12 abolished the distinction between general and special appearances when the
23   Federal Rules were adopted in 1938.") (citing Republic International Corp. v. Amco Engineers,
Inc. (9th Cir. 1975) 516 F.2d 161, 165 ["Special appearances to challenge jurisdiction are no
24   longer required in federal courts."]; Hays v. United Fireworks Manufacturing Co. (9th Cir. 1969)
420 F.2d 836, 844 n. 10 ["Under federal practice a special appearance need not be filed in order
25   to challenge jurisdiction."]; Martens v. Winder (9th Cir. 1969) 341 F.2d 197, 200 ["Rule 12 ...
eliminat[es] the distinction between general and special appearances."]).  See also 5B Wright and
26   Miller, Federal Practice and Procedure § 1344, at 30 (2004) ("[I]t no longer is necessary to
appear specially or employ any particular set of words to challenge a federal court's personal
27   jurisdiction, venue or service of process.  [¶]  Thus, technical distinctions between general and
special appearances have been abolished and the rulemakers wisely concluded that no end is
28   accomplished by retaining the terms in federal practice.").

-2-
### NOTICE OF REMOVAL

1  Five Thousand Dollars ($75,000), exclusive of interest and costs.  28 U.S.C. §
2  1441(a).

### PLAINTIFF'S CITIZENSHIP

3

4       5.      ITT is informed and believes, and on that basis alleges, that Plaintiff is
5  currently a resident of the State of California.  To establish citizenship for diversity
6  purposes, a natural person must be both (a) a citizen of the United States and (b) a
7  domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.* (9th Cir.
8  1983) 704 F.2d 1088, 1090.  Residence is prima facie evidence of domicile.  *State*
9  *Farm Mutual Auto Ins. Co. v. Dyer* (10th Cir. 1994)19 F.3d 514, 520.

### THE PROPER DEFENDANT'S CITIZENSHIP

10

11      6.      Plaintiff has named Defendant ITT and alleges that Defendant ITT is
12  her employer.  *See* Complaint at ¶ 1.  Plaintiff, however, was never employed by
13  ITT.  Plaintiff was employed by ITT Federal Services International Corporation
14  ("FSIC").  FSIC is a wholly-owned subsidiary of ITT Federal Services Corporation
15  ("FSC"), which is a wholly-owned subsidiary of Defendant ITT Corporation.  (The
16  concurrently filed Declaration of George Mulligan establishes the facts set forth in
17  paragraphs 6-15 of this notice.)

18      7.      Pursuant to 28 U.S.C. § 1332(c)(1), "For purposes of this section and
19  section 1441 of this title – a corporation shall be deemed to be a citizen of any
20  State by which it has been incorporated and of the State where it has its principal
21  place of business…"

22      8.      FSIC is a corporation, organized under the laws of the State of
23  Delaware, and was so organized on June 13, 1945.

24      9.      FSIC conducts the majority of its operations outside of the United
25  States.

26      10.     FSIC's corporate headquarters are located in Colorado Springs,
27  Colorado.

28      11.     FSIC's directors meet in Colorado Springs, Colorado.

LA1 6877685.1

12.     All of FSIC's high-level executive and administrative operations are managed in Colorado Springs, Colorado, including company-wide policy decisions and day-t-day control of the company's business operations.

13.     FSIC's Corporate Officers:  President, Michael L. Gulino; Vice President & Controller, George M. Mulligan; Vice President & Director of Contracts, John R., Blecher; Vice President & Secretary, Paul W. LeBar, Vice President, Human Resources, Robert Lehman, Jr.; Treasurer, Vincent J. Reardon, work and reside in Colorado Springs, Colorado.

14.     FSIC files its corporate income tax return in the State of Colorado.

15.     FSIC has employees in Europe, the Middle East, Africa and South America.  FSIC does not have any employees in California.

## DEFENDANT ITT CORPORATION'S CITIZENSHIP

16.     ITT Corporation (formerly known as ITT Industries, Inc.) is a corporation, organized under the laws of the State of Indiana, and was so organized on September 5, 1995.  (The concurrently filed Declaration of Craig Johnson establishes the facts set forth in paragraphs 16-22 of this notice.)

17.     ITT Corporation's corporate headquarters is located in White Plains, New York.  All of the company's high-level executive and administrative operations are managed from this location, including company-wide policy decisions and day-to-day control of the company's business operations.

18.     ITT Corporation's Strategic Counsel consists of its Chairman, President and CEO, Steven R. Loranger; SVP & Chief Financial Officer, Denise Ramos; SVP & General Counsel, Vince Maffeo; SVP & Director HR, Scott Crum; SVP & President, Fluid and Motion Control, Gretchen McClain; SVP & Director Strategy & Corporate Development, Aris Chicles, and SVP & President, Defense Electronics & Services, David Melcher.  With the exception of Mr. Melcher, who works in McLean, Virginia, all of the members of the Strategic Counsel work in

-4-

White Plains, New York.  None of ITT Corporation's Strategic Counsel resides in California.

19.     ITT Corporation files its corporate income tax return in the State of New York.

20.     ITT Corporation's directors meet from time to time in White Plains, New York.

21.     On information and belief, as of December 31, 2008, ITT Corporation has 24,232 United States employees in 44 states.  ITT Corporation employs the greatest percentage of its United States employees, 17%, in New York.  ITT Corporation employs 12% of its United States employees in California.  The remaining 71% are employed in 42 other states.  ITT Corporation also employs approximately 15,592 employees outside of the United States.  Of the total number of ITT Corporation's employees worldwide, only approximately 10% are employed in California.

22.     In 2007, the most recent year for which data has been collected, ITT Corporation's commercial sales in California were approximately 10.35% of ITT Corporation's total commercial sales.

### DEFENDANT GREG BEE'S CITIZENSHIP

23.     Defendant Greg Bee has been named but has not yet been served in this matter.  As set forth below, however, service upon Bee would not affect this removal.

24.     Bee is now, and at all times since this action commenced has been, a resident of the State of West Virginia.

### DEFENDANT JERRY JONES' CITIZENSHIP

25.     Defendant Jerry Jones has been named but has not yet been served in this matter.  As set forth below, however, service upon Jones would not affect this removal.

**NOTICE OF REMOVAL**
LA1 6877685.1

26.     Jones is now, and at all times since this action commenced has been, a resident of the State of Arizona.

### DOE DEFENDANTS' CITIZENSHIP

27.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.* (9th Cir. 1980) 615 F.2d 1209, 1213 (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through twenty, inclusive, does not deprive this Court of jurisdiction.

### AMOUNT IN CONTROVERSY

28.     While ITT denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 862.  Here, the damages requested by Plaintiff "more likely than not" exceeds $75,000 for Plaintiff, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

29.     Claimed Damages.  Plaintiff, in her Complaint, alleges eight causes of action: (1) Sexual Harassment in Violation of Gov. Code § 12940(j)(1) [Fair Employment & Housing Act]; (2) Retaliation in Violation of Gov. Code §12940(h); (3) Sexual Discrimination in Violation of Gov. Code §12940(a); (4) Failure to Prevent Sexual Harassment in Violation of Gov. Code §12940(k); (5) Constructive Wrongful Termination and Retaliation in Violation of Public Policy; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress; (8) Negligent Hiring, Retaliation and Supervision.  Plaintiff seeks compensatory damages, emotional distress damages and medical costs. Should Plaintiff prevail at trial, it is more likely than not that she could recover over $75,000 in damages as there have been, in the last five years, several verdicts

-6-

LA1 6877685.1

1  in similar harassment and discrimination cases entered in favor of plaintiffs in Los

2  Angeles County that exceed $75,000.

3      30.   <u>Claimed Attorneys' Fees and Punitive Damages</u>.  Plaintiff also claims

4  that she is entitled to mandatory attorney's fees and costs.  Attorney's fees are

5  properly considered in calculating the amount-in-controversy for purposes of

6  removal on grounds of diversity jurisdiction.  See, *e.g.*, *Galt G/S v. JSS*

7  *Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156 (claims for statutory attorney's

8  fees to be included in amount in controversy, regardless of whether such an award

9  is discretionary or mandatory).  In addition, Plaintiff seeks punitive damages which

10  must also be taken into account for purposes of determining the amount in

11  controversy since such damages are recoverable under FEHA.  See *Cal. Labor*

12  *Code* § 12965.  As a result, the jurisdictional minimum dollar amount is met here.

13                                  **VENUE**

14      31.   Without waiving ITT's right to challenge, among other things,

15  personal jurisdiction and/or venue by way of motion, responsive pleading or

16  otherwise (*see* footnote 1, *supra*), venue for this removed action lies in the Central

17  District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c).  This

18  action originally was brought in the Superior Court of the State of California,

19  County of Los Angeles and Defendants believes that Plaintiff resides in the County

20  of Los Angeles, State of California.

21                      **NOTICE OF REMOVAL**

22      32.   This Notice of Removal will be promptly served on Plaintiff and filed

23  with the Clerk of the Superior Court of the State of California in and for the

24  County of Los Angeles.

25      33.   In compliance with 28 U.S.C. § 1446(a), true and correct copies of all

26  process, pleadings, and orders served in this action are attached hereto.  They are:

27  Summons and Complaint, Exhibit A.

28

1    WHEREFORE, ITT prays that this civil action be removed from the
2  Superior Court of the State of California, County of Los Angeles to the United
3  States District Court for the Central District of California.

4  DATED: May 13, 2009                    SEYFARTH SHAW LLP
5
6                                         By _____
7                                              Catherine A. Evans
                                            Attorneys for Defendant
8                                          ITT CORPORATION
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-8-
LA1 6877685.1

# EXHIBIT A

2136281908                                    12:34:54 p.m.   04-22-2009      3/6

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> ITT CORPORATION; GREG BEE, an individual; JERRY JONES, an individual and DOES 1 through 10, inclusive <br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> SARA GONZALEZ, an individual | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **CONFORMED COPY** <br> **OF ORIGINAL FILED** <br> Los Angeles Superior Court <br><br> APR 22 2009 <br><br> John A. Clarke, Executive Officer/Clerk <br> By _____, Deputy <br> DOROTHY SWAIN |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* <br> Los Angeles Superior Court <br> 111 North Hill Street <br> Los Angeles, CA 90012 | **CASE NUMBER:** <br> *(Número del Caso):* <br> **BC412253** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
V. James DeSimone (310) 396-0731
723 Ocean Front Walk, Venice, CA 90291

| DATE: | APR 22 2009 | Clerk, by | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ITT Corporation

    under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 (Rev. January 1, 2004) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

# Exhibit A

2136281908

12:35:16 p.m.   04-22-2009   4/6

1 | Benjamin Schonbrun SBN 118323
2 | V. James DeSimone, SBN 119668
Supreeta Sampath, SBN 232190
3 | SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
4 | 723 Ocean Front Walk
Venice, CA 90291
5 | Telephone: (310) 396-0731
Fax:      (310) 399-7040
6 | Attorneys for Plaintiff, Sara Gonzalez

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 22 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

SARA GONZALEZ, an individual

Plaintiff,

vs.

ITT CORPORATION; GREG BEE, an individual; JERRY JONES, an individual and DOES 1 through 10, inclusive,

Defendants.

Case No.   BC412253

COMPLAINT FOR DAMAGES

I.    Sexual Harassment in Violation of Gov. Code §12940(j)(1) [Fair Employment & Housing Act]

II.   Retaliation in Violation of Gov. Code §12940(h)

III.  Sexual Discrimination in Violation of Gov. Code §12940(a)

IV.   Failure to Prevent Sexual Harassment in Violation of Gov. Code §12940(k)

V.    Constructive Wrongful Termination and Retaliation in Violation of Public Policy

VI.   Intentional Infliction of Emotional Distress

VII.  Negligent Infliction of Emotional Distress

VIII. Negligent Hiring, Retention and Supervision

**JURY TRIAL DEMANDED**

COMPLAINT FOR DAMAGES

1

1       Plaintiff Sara Gonzalez ("Plaintiff" or "Ms. Gonzalez") for her Complaint against

2   Defendants ITT Corporation ("ITT"); Greg Bee ("Defendant" or "Bee"), an individual, Jerry

3   Jones (Defendant or "Jones") and DOES 1 through 10, inclusive, alleges as follows:

4                                **SUMMARY**

5       1.    Plaintiff Sara Gonzalez, a 26-year old Air Force veteran, **was recruited to work**

6   **by ITT while she resided in the State of California and signed a contract for one year**

7   **employment prior to relocating to work in Afghanistan. Ms. Gonzalez** was expecting that

8   when she agreed to work for ITT as an air traffic controller providing tactical and logistical

9   support to the United States armed forces in Afghanistan, she would be given a further

10   opportunity to serve her country by working in an environment that adhered to the highest

11   standards of professionalism. Instead, she was subjected to a degrading and sexually hostile

12   work environment that was condoned by her employer ITT. At a time when ITT officials and

13   supervisors should have acted professionally with the goal of providing critical support to the

14   U.S. Military, they engaged in reckless and illegal conduct which resembled an out-of-control

15   college fraternity, instead of a disciplined professional organization.

16       2.    As an air traffic controller, Ms. Gonzalez was tasked with harboring into safety

17   multimillion dollar United States Military planes and overseeing the protection of American lives

18   in Afghanistan. Unfortunately, her supervisors at ITT gave short shrift to these obligations and

19   instead treated Ms. Gonzalez as a sex object to be mocked and leered at by her male supervisors

20   and co-workers who repeatedly asked her for sexual favors and made sexually charged remarks

21   to her at a time when she was doing her best to provide support for the US. Military. Not only

22   was such conduct a clear violation of Ms. Gonzalez's right to work in an environment free of

23   sexual harassment and discrimination, it placed the safety of the American military personnel at

24   risk by making it difficult for air traffic controllers such as Ms. Gonzalez to focus on their job

25   duties.

26       3.    When Ms. Gonzalez refused the incessant sexual advances of her supervisor and

27   co-workers, she was shunned and humiliated, labeled the "camp tramp" and a "slut" and

28   subjected to bogus disciplinary charges. Indeed, in response to her complaints of sexual

1  harassment, Ms. Gonzalez was subjected to a vicious campaign of retaliation, which culminated

2  in her supervisor sending a package of sex toys to her family in California in a final attempt to

3  degrade and humiliate Ms. Gonzalez.

4  ## JURISDICTION AND VENUE

5      4.    The Court has personal jurisdiction over the Defendants because they solicited

6  Plaintiff in California to work for ITT.  Upon information and belief, ITT, registered with the

7  California Secretary of State, is an Indiana corporation doing business in the State of California.

8  Further the Court has personal jurisdiction over Defendants because certain acts of harassment

9  and retaliation by Defendants occurred in California.  The Court has personal jurisdiction over

10  Plaintiff because she is a resident of the state of California.

11      5.    Venue is proper in this county in accordance with Section 395(a) of the California

12  Code of Civil Procedure because Plaintiff entered into her contract for employment with ITT in

13  Los Angeles County and because acts of harassment and retaliation occurred in Los Angeles

14  County.

15  ## EXHAUSTION OF REMEDIES

16      6.    Prior to the filing of this action, Plaintiff timely filed complaints with the

17  Department of Fair Employment and Housing ("DFEH") alleging that the acts of Defendants

18  established a violation of FEHA, Government Code Section 12900 et Seq.  Plaintiff has received

19  "right to sue" letters from the DFEH against each named Defendant and has timely brought this

20  action thereafter.

21  ## PLAINTIFF

22      7.    Plaintiff, Sara Gonzalez is a 26-year old woman.  At all times relevant hereto, Ms.

23  Gonzalez was employed by Defendants and/or DOES 1 through 10. During her tenure of

24  employment, Ms. Gonzalez was subjected to sexual harassment, discrimination, retaliation and

25  constructive wrongful termination based on her gender and complaints to her supervisors

26  regarding such discrimination.

27  ## DEFENDANTS

28      8.    ITT and DOES 1 through 10, and each of them, are, and at all relevant times

**COMPLAINT FOR DAMAGES**

3

1  mentioned herein were, corporations or other business entities conducting and soliciting business

2  in the State of California.    At all relevant times mentioned herein, Defendants Greg Bee and

3  Jerry Jones were Plaintiff's supervisors and managing agents of ITT.

4         9.       The true names and capacities of Defendants named herein as DOES 1 through

5  10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff

6  who therefore sues such defendants by such fictitious names.    Plaintiff will amend this

7  Complaint to show true names and capacities when they have been determined.

8         10.      In doing the acts and things described in this Complaint, Bee and Jones were

9  acting on behalf of and with the authority of ITT and/or DOES 1 through 10, and were acting in

10  the course and scope of their employment.    At all times mentioned herein, defendants, and each

11  of them, were the agents, representatives, employees, successors, assigns, parents, subsidiaries

12  and/or affiliates, each of the other, and at all times pertinent hereto were acting within the course

13  and scope of their authority as such agents, representatives, employees, successors, assigns,

14  parents, subsidiaries and/or affiliates.

15                        **FACTS COMMON TO ALL CAUSES OF ACTION**

16        **Defendant Bee's Acts of Sexually Inappropriate Comments Began In California.**

17         11.      Plaintiff Sara Gonzalez is a 26-year old female resident of California.    After being

18  honorably discharged from the United State Air Force,  Ms. Gonzalez forged a career as a

19  civilian air traffic controller for the U.S. military.  In April 2007, Ms. Gonzalez accepted a

20  position with ITT to serve as a civilian Air Traffic Control Specialist at the Forward Operating

21  Base, Salerno in Afghanistan ("FOB Salerno").  Ms. Gonzalez worked at FOB Salerno from on

22  or about April 22, 2007 until her constructive discharge on or about November 30, 2007.

23         12.      In or about March 2007 Defendant Bee began soliciting Ms. Gonzalez at her

24  home in La Puente, California via the internet to work for ITT in Afghanistan.  Several on-line

25  exchanges took place between Bee and Ms. Gonzalez, including some in which Bee made

26  flirtatious remarks to Ms. Gonzalez.

27         13.      In his internet exchanges, Bee expressed his personal eagerness to have Plaintiff

28  execute her employment contract and immediately leave California to join ITT in Afghanistan.

1   Ms. Gonzalez signed her employment contract and several other ITT employment documents in

2   California.

3         **Bee Created and Encouraged a Sexually Charged Hostile Work Environment at**

4   **ITT While Jones and ITT Contributed to and Condoned this Unlawful Conduct.**

5         14.    Shortly after Ms. Gonzalez arrived at FOB Salerno, Bee began inappropriately

6   telling Ms. Gonzalez about his sexual desires.  Though Ms. Gonzalez never solicited or

7   encouraged Bee's inappropriate sexual remarks and offensive behavior, she often found herself

8   in an extremely awkward and uncomfortable situation with him.  For example, Bee constantly

9   told Ms. Gonzalez he wanted sex and repeatedly asked Ms. Gonzalez to "find me some pussy".

10         15.    At least 2 to 3 times each week during her employment at ITT, Bee repeated his

11   demeaning demand "for pussy" directly to Ms. Gonzalez.  He made these statements either alone

12   with Ms. Gonzalez  or in front of other coworkers.  In addition, Bee made it widely known with

13   his staff that he sexually desired Ms. Gonzalez and wanted to have intercourse with her.  Bee also

14   voiced his increasing frustration that Ms. Gonzalez would not fulfill his sexual desires.

15         16.    Ms. Gonzalez was also subjected to sexual harassment by her fellow male co-

16   workers who degraded her with their sexually explicit requests and comments.  One co-worker

17   offered Ms. Gonzalez  $1,000 in exchange for intercourse.  In or around June 2007, another co-

18   worker Adam Hahn ("Hahn"), began maliciously calling Ms. Gonzalez the "camp tramp" or

19   "slut" after it became clear she would not have sexual relations with him.  For example, when an

20   active duty military personnel asked Hahn where Plaintiff was, Hahn falsely declared, "Probably

21   out giving a blow job."  Upon learning of Hahn's statement, Plaintiff made a complaint to Bee.

22         17.    Instead of putting an end to the hostile work environment immediately, Bee and

23   Jones encouraged and condoned the sexually charged male fraternization at ITT.  Upon

24   information and belief, Plaintiff also alleges that Bee and Jones often mockingly referred to

25   Plaintiff as the "camp tramp" when speaking about her to military or ITT personnel behind her

26   back.

27         18.    In or about August 2007, Hahn was asked by another ITT co-worker where Ms.

28   Gonzalez was and why she did not socialize with Hahn and the co-worker.  Once again, Hahn

1   remarked, "because she's probably out having sex". When Plaintiff became aware of this remark,

2   she again reported the incident to Bee and Jones .

3        19.    After complaining to Bee and Jones about her increasingly hostile work

4   environment Plaintiff was subjected to further sustained hostility and degradation from her male

5   co-workers and supervisors. In or around late June 2007, co-worker Cesar Corderro

6   ("Corderro"), alluded that Ms. Gonzalez was the source of his sexually perverted thoughts.

7   Corderro crudely informed Plaintiff while they were scheduled for the same shift, "I'm horny and

8   need to go to my room to jerk off". Corderro then left the building on an unscheduled break and

9   returned sometime later. Plaintiff was extremely uncomfortable working with Corderro but

10   feared further retaliation should she complaint to Bee or Jones again.

11       20.    Approximately one month later, Corderro divulged to Plaintiff, "If I could, I

12   would sleep with you right here, right now!" Plaintiff refused his advances. Later that same

13   week, Plaintiff left the air traffic control tower to use the restroom during a shift with Corderro.

14   When she returned, she could not enter the tower because Corderro had completely locked her

15   out. Despite her efforts to get Corderro to unlock the door, he refused. Humiliated, Plaintiff was

16   forced to climb in through the window to resume her duty. That same day, Plaintiff met with the

17   acting-supervisor to complain about the incident. When Corderro was asked why he locked Ms.

18   Gonzalez out of the tower, he yelled, "Well someone has to teach her a lesson!"

19   **Plaintiff was Singled Out for Disciplinary Action Because She Refused to Have Sex**

20   **with Bee.**

21       21.  .   In or about October 2007, Plaintiff and another female co-worker Shelley Bruner

22   had possession of the company vehicle known as "the mule". Employees were allowed to use

23   the mule with permission during their time off. Inadvertently, on one occasion, Plaintiff and

24   Bruner kept the mule longer than authorized. Plaintiff alone was given a written counseling for

25   this incident.

26       22.    Throughout Plaintiff's tenure in Afghanistan, Bee singled out Ms. Gonzalez in a

27   disparate manner for reprimand regarding the mule and other alleged minor infractions. Upon

28   information and belief, Bee did so because he was upset and frustrated that Ms. Gonzalez would

1  not have intercourse with him. Bee spared Plaintiff's co-workers from similar adverse treatment

2  even when they engaged in more egregious violations of company policy.

3       23.     Bee also provided other ITT co-workers with benefits that he did not provide to

4  Ms. Gonzalez. For example, while Bee routinely granted each controller a minimum of a week

5  early departure in order to get out of the dangerous region, Bee refused to provide Ms. Gonzalez

6  this same benefit. Instead, when Ms. Gonzalez requested a one-week early departure date for her

7  planned vacation, Bee became irrate, yelled a series of profanities at Ms. Gonzalez and denied

8  her the request.

9       **ITT Made Plaintiffs Working Conditions So Intolerable She Was Forced to Quit.**

10      24.     In or around November 2007, Bee sent Ms. Gonzalez an email while she was on

11  vacation in California giving her no choice but to resign. Among other things, the email falsely

12  accused Plaintiff of being a "continue[d] . . . distraction and imposition to the rest of the team".

13  The email was a clear ruse to force Plaintiff to quit; Bee provided Plaintiff an attachment that he

14  threatened to submit (should she return to FOB Salerno) to Jones containing a recommendation

15  that Ms. Gonzalez be terminated.

16      25.     Approximately two weeks after receiving Bee's email, Jones continued the set up

17  planned by him and Bee. In an equally hostile email sent by Jones to Plaintiff while she was on

18  vacation in California, he blamed Plaintiff for sexual rumors that were being spread on the base

19  about her. Jones blamed Plaintiff for the fact others were calling her a "camp tramp" – yet,

20  incredibly, Jones failed to take any action against the individuals responsible for these comments

21  or conduct an investigation into these false rumors. Instead, Jones blamed Plaintiff for being

22  unfairly targeted and sexually harassed by others. Jones listed a series of questions for Plaintiff

23  to answer upon her return and threatened that she would receive written counseling if she

24  returned.

25      26.     Recognizing that Bee and Jones had plans to make Plaintiff's life more miserable

26  at FOB Salerno and that the threat of unwarranted adverse employment actions, including

27  termination, loomed over her should she return, on November 30, 2007, Plaintiff submitted her

28  letter of resignation to Jones. In her letter, Plaintiff provided a detailed explanation of her painful

1  experience at ITT. In the letter, Plaintiff again made complaints about the sexual harassment,

2  hostile work environment and acts of retaliation to which she was subjected by and at ITT.

3  **ITT Conducted a Sham Investigation Into Plaintiff's Complaints.**

4      27.    Following Plaintiff's constructive discharge, Defendants proceeded to conduct a

5  sham investigation after which it held ". . . we could **not** substantiate your allegations of sexual

6  harassment and forced resignation. However, it was determined that there was a hostile work

7  environment and that you were a contributor to the *contentious* work environment [emphasis in

8  original].

9      28.    Contrary to the written representations by ITT, no impartial investigation ever

10  occurred. The sham investigation began by Bee coercing and encouraging employees to write

11  negative statements about Ms. Gonzalez that were untrue. No independent investigator from ITT

12  came to Afghanistan to investigate Ms. Gonzalez's claims. Instead, the alleged thorough

13  investigation was conducted by Jerry Jones, the same supervisor who had blamed Ms. Gonzalez

14  for being called the "camp tramp".

15      29.    In or around February 2008, Jones and Bee, in an effort to further humiliate,

16  sexually harass and retaliate against Plaintiff Defendants mailed a box of "sex toys" to Ms.

17  Gonzalez's home in California. Ms. Gonzalez family received and opened the package with a

18  customs declaration form signed by Jones stating, "adult massage toys".   To their complete

19  shock and horror, along with the box was a letter from Jones alleging that the contents of the box

20  were the remainder of Plaintiff's belongings. Inside the box were four "sex toys" and a note that

21  read:

22      *"Ms. Gonzalez,*

23      *These sex toys were found in your closet when your belongings were packed. We hung on*

24      *to them to show the Company officials (sic) when he came out here for a visit.*

25      *Can you imagine the laughter at the Post office when these were dumped on the counter?*

26      *It appears there were a few of those proverbial 'skeletons' in your closet.*

27      *Anyway, these are your toys and we wanted to ensure they were returned to you. Enjoy!"*

28      30.    After Plaintiff's constructive discharge, Defendants' further retaliated against her

---

**COMPLAINT FOR DAMAGES**

8

1   by assigning her "signing bonus" of $4500 to a collection agency. For several months after her

2   employ with ITT, the collection agency sent statements to Ms. Gonzalez's home. ITT knew this

3   malicious conduct would effect Ms. Gonzalez's livelihood as an air traffic controller. Upon

4   information and belief, Plaintiff alleges that other ITT employees who resigned before their one

5   year contract ended, were not required to return their signing bonus nor subjected to this type of

6   harassing and retaliatory conduct.

7                                              I.

8                            **FIRST CAUSE OF ACTION**

9                    **SEXUAL HARASSMENT IN VIOLATION OF**

10                   **FAIR EMPLOYMENT AND HOUSING ACT**

11                  (Against ITT and Greg Bee, and Does 1-10, inclusive)

12          31.    Ms. Gonzalez realleges and incorporates by reference paragraphs 1 through 30,

13   inclusive, of this Complaint as if fully set forth herein.

14          32.    Beginning in or about March 2007, Defendant Bee, while acting in the course

15   and scope of his employment with ITT, and DOES 1 through 10, sexually harassed, and

16   discriminated against Plaintiff as alleged herein. The harassment was sufficiently pervasive and

17   severe as to alter the conditions of Plaintiff's employment and to create a hostile, intimidating,

18   and/or abusive work environment. Defendants' acts of sexual harassment included, without

19   limitation, the following:

20          a.     Defendant Bee's unwelcome sexual comments towards Plaintiff, which at all

21                 times was initiated by Bee and was unwelcome, uninvited, non-consensual in

22                 nature and was against Plaintiff's will.

23          b.     Creating and allowing a sexually hostile environment to exist for Plaintiff

24                 including unwelcome sexual advances and verbal sexual harassment by Defendant

25                 Bee.

26          c.     All conduct described in the Facts Common to All Causes of Action portion of

27                 this Complaint.

28          33.    The sexual harassment against Plaintiff by Defendant Bee was condoned,

---

1   permitted and encouraged by ITT and DOES 1 through 10, and each of them, in a manner which

2   was grossly negligent, reckless, willful, malicious and deliberately indifferent to the Plaintiff's

3   personal rights to a discrimination free work environment and safety in the work-place.  ITT and

4   Does 1 through 10 failed to prevent sexual harassment from occurring in the work-place.

5       34.    The acts and conduct of Defendants, and each of them, as aforesaid, was in

6   violation of California Government Code Section 12940 et seq.  Said statutes impose certain

7   duties upon Defendants, and each of them, concerning discrimination and harassment against

8   persons, such as the Plaintiff, on the basis of gender.  Said statutes were intended to prevent the

9   type of injury and damage set forth herein.  Plaintiff was, at all times herein mentioned, a

10   member of the class of persons intended to be protected by said statutes. At all times herein

11   mentioned, Plaintiff was a person of the female sex and therefore entitled to the protection of

12   California Government Code Section 12940 *et seq.*

13       35.    As a direct and legal result of Defendants' wilful, wanton, intentional, malicious

14   and/or reckless conduct and the policies alleged herein, Plaintiff suffered severe and extreme

15   mental and emotional distress, including but not limited to anguish, humiliation, embarrassment,

16   loss of confidence, fright, depression  and anxiety, the exact nature and extent of which are not

17   now known to her.  Plaintiff does not at this time know the exact duration or permanence of said

18   injuries, but is informed and believes, and thereon alleges, that some of the injuries are

19   reasonably certain to be permanent in character.  By the aforesaid acts and omissions of

20   defendants, and each of them, Plaintiff has been directly and legally caused to suffer damages as

21   alleged herein.

22       36.    Plaintiff is informed and believes and thereon alleges that the Defendants, and

23   each of them, by the acts of its managing agents, officers and/or directors in the aforementioned

24   acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and

25   despicable conduct, and acted with willful and conscious disregard of the rights, welfare and

26   safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against

27   Defendants  in an amount to be determined at trial.

28       37.    As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is

1    entitled to reasonable attorney's fees and costs of said suit as provided by Cal. Govt. Code

2    Section 12965(b).

3                          **II.**

4                  **SECOND CAUSE OF ACTION**

5    **UNLAWFUL RETALIATION IN VIOLATION OF GOV. CODE** §12940(h)

6             (Against Defendant ITT and Does 1 through 10)

7        38.      Plaintiff hereby incorporates by reference Paragraphs 1 through 37 of this

8    Complaint as if fully set forth herein.

9        39.      At all times herein mentioned, Government Code Section 12940 et seq. was in full

10    force and effect and was binding upon Defendants and each of them. Said statute imposes certain

11    duties upon Defendants concerning discrimination, harassment and retaliation against persons,

12    such as Plaintiff, on the basis of gender or complaints of sexual discrimination or harassment.

13    Said statutes were intended to prevent the type of injury and damage set forth herein.  Plaintiff

14    was, at all time herein mentioned, a member of the class of persons intended to be protected by

15    said statutes.  As alleged above, Ms. Gonzalez was retaliated against for making complaints of

16    discrimination and harassment.  Among other things, Ms. Gonzalez was unfairly disciplined

17    more harshly than her co-workers, threatened with termination and humiliated and harassed

18    further when her supervisors mailed a box of sex toys to her parents' home in California after her

19    constructive discharge.

20        40.      As a direct, foreseeable, and legal result of Defendants' discriminatory, harassing

21    and retaliatory acts, Plaintiff has suffered losses in earnings, attorney's fees and costs of suit and

22    has suffered and continues to suffer physical pain, humiliation, embarrassment, mental and

23    emotional distress, and discomfort, all to her damage in an amount in excess of the minimum

24    jurisdiction of this Court, the precise amount of which will be proven at trial.

25        41.      Plaintiff is informed and believes and thereon alleges that the Defendants, and

26    each of them, by the acts of its managing agents, officers and/or directors in the aforementioned

27    acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and

28    despicable conduct, and acted with willful and conscious disregard of the rights, welfare and

1    safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against

2    Defendant ITT and DOES 1-10, in an amount to be determined at trial.

3        42.    As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is

4    entitled to reasonable attorneys' fees and costs of said suit as provided by California Government

5    Code Section 12965(b).

6    **III.**

7    **THIRD CAUSE OF ACTION**

8    **GENDER DISCRIMINATION IN VIOLATION OF G.C. §12940(a)**

9    (Against Defendant ITT and Does 1-10, inclusive)

10       43.    Plaintiff hereby incorporates by reference Paragraphs 1 through 42 of this

11   Complaint as if fully set forth herein.

12       44.    At all times herein mentioned, Government Code Section 12940 et seq. was in full

13   force and effect and was binding upon Defendants. Said statute imposes certain duties upon

14   Defendants concerning discrimination, harassment and wrongful discharge against persons, such

15   as Plaintiff, on the basis of gender or complaints of sexual discrimination or harassment. Said

16   statutes were intended to prevent the type of injury and damage set forth herein. Plaintiff was, at

17   all time herein mentioned, a member of the class of persons intended to be protected by said

18   statutes.

19       45.    As alleged herein, ITT intentionally created and knowingly permitted egregious

20   sexual harassment and retaliation against Plaintiff which was so intolerable and aggravated that

21   Plaintiff was coerced and compelled to resign her employment.  Defendants also employed a

22   gender-based double standard in which female employees who did not engage in sexual relations

23   with ITT co-workers or supervisors were disciplined more severely and treated more harshly.

24       46.    As a direct, foreseeable, and legal result of Defendants' discriminatory, harassing

25   and retaliatory acts, Plaintiff has suffered losses in earnings, attorney's fees and costs of suit and

26   has suffered and continues to suffer physical pain, humiliation, embarrassment, mental and

27   emotional distress, and discomfort, all to her damage in an amount in excess of the minimum

28   jurisdiction of this Court, the precise amount of which will be proven at trial.

**COMPLAINT FOR DAMAGES**

12

47.     Plaintiff is informed and believes and thereon alleges that the Defendants, and each of them, by the acts of its managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against Defendants, in an amount to be determined at trial.

48.     As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by California Government Code Section 12965(b).

## IV.

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT IN VIOLATION OF G.C. §129409(k)

(Against Defendant ITT and Does 1 through 10)

49.     Plaintiff hereby incorporates by reference Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50.     In violation of Government Code §12940 (k), Defendants failed to take all or any reasonable steps necessary to prevent discrimination and harassment from occurring including:

   a.     With respect to sex harassment, Defendants either had no policy or had a policy that was ineffective;

   b.     With respect to the handling of complaints of discrimination, harassment and retaliation, Defendants had in place either no procedures or ineffective procedures;

   c.     Defendants either failed to implement whatever policies, practices and procedures might have been in existence, or failed to implement any such policies, practices and procedures in an effective manner.

51.     At all relevant time periods, Defendants failed to make an adequate or any response to the harassing conduct described above and thereby established a policy, custom,

1    practice or usage, which condoned, encouraged, tolerated, sanctioned, ratified, approved of,

2    and/or acquiesced in harassment against women employees, including, but not limited to,

3    Plaintiff.

4         52.   Plaintiff is informed and believes, and thereon alleges, that during all relevant

5    time periods, Defendants failed to provide any or adequate training and education to their

6    personnel and most particularly to management and supervisory personnel regarding their

7    discrimination and harassment policies and procedures.  Defendants knew or reasonably should

8    have known that such failure would result in discrimination and/or harassment against women

9    employees, including, but not limited to, Plaintiff.  Such failure on the part of Defendant

10   constituted deliberate indifference to the rights of women employees, including, but not limited

11   to, Plaintiff under Government Code § 12940(k).

12        53.   Defendants' failure to prevent and/or stop the harassment described herein

13   compounded and exacerbated the physical and emotional injuries Plaintiff was already suffering

14   as a result of the unlawful conduct described above.  As a proximate result of Defendants

15   conduct as described more fully above, Plaintiff  suffered economic damages, including lost

16   earnings, noneconomic damages, including, without limitation, physical pain, humiliation,

17   embarrassment and discomfort, physical and mental emotional distress and anguish, all to

18   Plaintiff's damages in an amount to be proven at trial but in excess of the jurisdictional threshold

19   of this court.

20        54.   Plaintiff is informed and believes and thereon alleges that the Defendants, and

21   each of them, by the acts of its managing agents, officers and/or directors in the aforementioned

22   acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and

23   despicable conduct, and acted with willful and conscious disregard of the rights, welfare and

24   safety of Plaintiff, thereby justifying the award of punitive and exemplary damages, against

25   Defendant ITT and DOES 1-10, in an amount to be determined at trial.

26        55.   As a result of Defendants' acts as alleged herein, Plaintiff is entitled to reasonable

27   attorneys' fees and costs of suit as provided in Section 12965(b) of the California Government

28   Code.

---

**COMPLAINT FOR DAMAGES**

14

## V.

### FIFTH CAUSE OF ACTION

### CONSTRUCTIVE WRONGFUL TERMINATION

### AND RETALIATION IN VIOLATION OF PUBLIC POLICY

(Against Defendant ITT and DOES 1 through 10 only)

56.     Plaintiff hereby incorporates by reference Paragraphs 1 through 55 of this Complaint as if fully set forth herein.

57.     At all times during her employment with Defendants, Plaintiff performed her duties with the utmost diligence and competence.

58.     Plaintiff is informed and believes and thereon alleges that Defendants' decisions to harass and discriminate against her, as alleged herein, was motivated by Plaintiff's gender. Plaintiff is further informed and believes and thereon alleges that any other reasons proffered by Defendants were and are pretextual in nature.  Defendants intentionally created the aforementioned discrimination, harassment and retaliation, thereby creating working conditions so intolerable that Plaintiff had no alternative but to resign.

59.     By reason of the aforementioned conduct and circumstances, Defendants, and each of them, violated the fundamental public policies of the State of California, as set forth in Section 12940 of the Government Code and California Constitution which mandate that employees be free from unlawful discrimination, harassment and retaliation.  As a further result of the aforesaid conduct of Defendants, and each of them, Plaintiff has been deprived of her right to a work environment free from discrimination, harassment and retaliation.

60.     By the aforesaid acts and omissions of Defendants, Plaintiff has been directly and legally caused to suffer the harm and damages alleged herein.

61.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Because the acts taken towards Plaintiff were carried out by managerial employees acting in a despicable, deliberate, cold, callous and

1  intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recover punitive

2  damages from the individual defendants in an amount according to proof.

3                                              **VI.**

4                              **SIXTH CAUSE OF ACTION**

5                **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

6                         (Against all Defendants and Does 1-10, inclusive)

7       62.    The allegations set forth in paragraphs 1 through 61 are incorporated herein by

8  reference.

9       63.    Defendants, and each of them, engaged in extreme and outrageous conduct by

10  intentionally and/or recklessly subjecting Plaintiff, or permitting Plaintiff to be subjected to,

11  unwanted, unwelcome, and non-consensual sexual advances, abuse, harassment, discrimination

12  and retaliation including conduct that occurred after Plaintiff's termination when her supervisors

13  mailed a box of sex toys to her parents' home in California.  Defendants, and each of them,

14  ratified such conduct by failing and refusing to take any and all reasonable steps necessary to

15  prevent such conduct from occurring, by failing to take appropriate corrective action following

16  such conduct and, in the case of Defendants  Bee and Jones, who held supervisory positions with

17  ITT and DOES 1-10, inclusve, by engaging in such conduct.  As a direct and legal result,

18  Plaintiff was harmed, and continues to suffer harm, in an amount to be proved at trial.

19       64.    As alleged herein, Defendant Bee subjected Plaintiff to unwanted sexual

20  comments and propositions directed to Plaintiff, as well as repeated sexual harassment.

21  Defendant ITT and Bee created and fostered a sexually hostile work environment.  ITT and

22  DOES 1-10, and each of them, failed and refused to take all reasonable steps necessary to prevent

23  harassment from occurring and to take appropriate corrective action against Defendant Bee

24  following said harassment and as a direct and legal result, Plaintiff was harmed, and continues to

25  suffer harm, in an amount to be proved at trial.

26       65.    Plaintiff is informed and believes ITT and DOES 1 through 10, inclusive, and

27  each of them, their agents, and/or assigns failed to investigate the matter in an adequate fashion

28  and failed to take steps reasonably necessary to prevent foreseeable harm to Plaintiff by

1  Defendant Bee.

2      66.     As a direct and legal result of Defendants' wilful, wanton, intentional, outrageous

3  and malicious conduct, Plaintiff became terrified and suffered severe and extreme mental and

4  emotional distress the exact nature and extent of which are not presently known to Plaintiff.

5  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is

6  informed and believes, and thereon alleges, that some of the injuries are reasonably certain to be

7  permanent in character.

8      67.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

9  been directly and legally caused to suffer damages as alleged herein.

10     68.     The aforementioned acts of Defendants, and each of them, were wilful, malicious,

11  intentional, oppressive and despicable and were done in wilful and conscious disregard of the

12  rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary

13  damages, against all of the individual Defendants only, in an amount to be determined at time of

14  trial.

15                                      **VII.**

16                          **SEVENTH CAUSE OF ACTION**

17                **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

18                    (Against All Defendants, and Does 1 through 10)

19     69.     The allegations set forth in paragraphs 1 through 68 are incorporated herein by

20  reference.

21     70.     As an employee of Defendants, Plaintiff was owed a duty of due care by

22  Defendants, and each of them, to ensure that Plaintiff was not exposed to foreseeable harms.

23     71.     Defendants, and each of them, knew, or should have known, that Plaintiff was

24  being subjected to sexual harassment, discrimination and retaliation, and that, by failing to

25  exercise due care to prevent Bee and Jones from engaging in a sexually harassing, discriminatory

26  and retaliatory course of conduct could and would cause Plaintiff to suffer severe emotional

27  distress.

28     72.     Defendants, and each of them, failed to exercise their duty of due care to prevent

---

**COMPLAINT FOR DAMAGES**

1   their employees, managers, supervisors and/or officers from sexually harassing, discriminating

2   and retaliating against Plaintiff.

3       73.   As a direct and proximate result of the acts and conduct of Defendants, and each

4   of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe

5   and extreme mental and emotional distress, including but not limited to anguish, humiliation,

6   embarrassment, loss of confidence, fright, depression  and anxiety, the exact nature and extent of

7   which are not now known to her. Plaintiff does not know at this time the exact duration or

8   permanence of said injuries, but is informed and believes and thereon alleges that some if not all

9   of the injuries are reasonably certain to be permanent in character.

10      74.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

11   been directly and legally caused to suffer damages as alleged herein.

12                                   **XIII.**

13                          **EIGHTH CAUSE OF ACTION**

14              **NEGLIGENT HIRING RETENTION & SUPERVISION**

15                   **(Against Defendant ITT and DOES 1-10)**

16      75.   The allegations set forth in paragraphs 1 through 74 are incorporated herein by

17   reference.

18      76.   Upon information and belief, ITT, by and through its agents and employees, knew

19   or reasonably should have known through reasonable investigation of Bee's propensity for

20   unlawful sexually harassing and physically aggressive behavior.

21      77.   ITT had a duty to not hire or retain Bee given his wrongful, dangerous, and

22   sexually depraved propensities, and to provide reasonable supervision of Bee.

23      27.   ITT negligently hired, retained and/or failed to adequately supervise Bee in his

24   position as Assistant Site Manager/Airfield Manager at ITT, where Bee was able to commit the

25   wrongful acts complained of herein against Plaintiff.  ITT failed to provide reasonable

26   supervision of Bee despite knowing of Bee's propensities and complaints made against him.

27      28.   As a result of the above-described conduct, Plaintiff has suffered, and continues to

28   suffer, great pain of mind and body, shock, emotional distress, embarrassment, loss of self-esteem,

1    disgrace, humiliation and loss of enjoyment of life.

2          29.     ITT engaged in these acts alleged herein and/or condoned, permitted, authorized,

3    and/or ratified the conduct of its employees and agents and is vicariously liable for the wrongful

4    conduct of its employees and agents for this cause of action.

5                                              **IX.**

6                               **PRAYER FOR DAMAGES**

7          WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

8    follows:

9    A.    First, Second, Third and Fourth Causes of Action:

10         1.     For compensatory damages according to proof;

11         2.     For emotional distress damages and medical expenses;

12         3.     For attorneys fees and costs pursuant to Gov. Code §12965(b) and Cal. Civ. Code

13                §52(b)(3);

14         4.     For punitive and exemplary damages pursuant to Cal. Civ. Code §3294;

15         5.     For costs of suit;

16         6.     For an award of interest, including prejudgment interest, at the legal rate; and

17         7.     For such other and further relief as the Court may deem just and proper.

18   B.    Fifth Cause of Action

19         1.     For compensatory damages according to proof;

20         2.     For emotional distress damages and medical expenses;

21         3.     For costs of suit;

22         4.     For punitive and exemplary damages pursuant to Cal. Civ. Code §3294

23         5.     For an award of interest, including prejudgment interest, at the legal rate; and

24         6.     For such other and further relief as the Court may deem just and proper.

25   C.    Sixth Cause of Action

26         1.     For compensatory damages according to proof;

27         2.     For emotional distress damages and medical expenses;

28         3.     For punitive and exemplary damages pursuant to Cal. Civ. Code §3294;

1      4.    For costs of suit;

2      5.    For an award of interest, including prejudgment interest, at the legal rate; and

3      6.    For such other and further relief as the Court may deem just and proper.

4  D.    <u>Seventh and Eight Causes of Action</u>

5      1.    For compensatory damages according to proof;

6      2.    For emotional distress damages and medical expenses;

7      3.    For costs of suit;

8      4.    For an award of interest, including prejudgment interest, at the legal rate; and

9      5.    For such other and further relief as the Court may deem just and proper.

10

11  Dated: April 21, 2009          SCHONBRUN DESIMONE SEPLOW
                           HARRIS & HOFFMAN LLP

12

13

14                        Benjamin Schonbrun
                        V. James DeSimone

15                        Supreeta Sampath
                        Attorneys for Plaintiff SARA GONZALEZ

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

**COMPLAINT FOR DAMAGES**
20

## DEMAND FOR JURY TRIAL

Plaintiff Sara Gonzalez hereby demands a trial by jury on all claims.

Dated: April 21, 2009

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN, LLP

Benjamin Schonbrun
V. James DeSimone
Supreeta Sampath
Attorneys for Plaintiff SARA GONZALEZ

**COMPLAINT FOR DAMAGES**

21

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      )   ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On **May 13, 2009**, I served the within documents:

**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) AND 28 .S.C. § 1446(B)**

☐ I sent such document from facsimile machine (310) 201-5219 on **May 13, 2009**. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

**Benjamin Schonbrun**
**V. James DeSimone**
**Supreeta Sampath**
**Schonbrun DeSimone Seplow**
**Harris & Hoffman LLP**
**723 Ocean Front Walk**
**Venice, CA 90291**
**Tel: (310) 396-0731**
**Fax: (310) 399-7040**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

LA1 6878035.1

day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on **May 13, 2009**, at Los Angeles, California.

Tammye D. Ligon

LA1 6878035.1